IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO: |
| ) v. ) ) | |
| ) | COMPLAINT |
| BASIC ENERGY SERVICES, L.P., ) ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Rodney Ball ("Mr. Ball"). This suit is also brought to achieve appropriate injunctive relief for others who may have been adversely affected by Basic Energy Services' discriminatory practices, and to prevent further occurrence of such practices.

The Commission alleges that Defendant, Basic Energy Services, L.P., discharged Mr. Ball because of his race and in retaliation for complaining about and protesting a racially hostile

- 2 -

work environment. The Commission's allegations are discussed in greater particularity in paragraphs 7 through 10 below.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Shreveport Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Basic Energy Services, L.P. ("Defendant"), has continuously been a Partnership doing business in the State of Louisiana, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

- 3 -

## STATEMENT OF CLAIMS

6. More than thirty days before the institution of this lawsuit, Mr. Ball filed a charge of discrimination with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about September 27 or 28, 2006, Defendant engaged in unlawful employment practices at its Minden, Louisiana facility in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).

8. Defendant's unlawful employment practices included discharging Mr. Ball because of his race, Black. Defendant claims it discharged Mr. Ball because a well ran over while he was working as the night dispatcher. When the well had previously run over, however, Defendant did not comparably discipline similarly situated White employees, including dispatchers. Mr. Ball was treated differently than similarly situated White employees because of his race and terminated.

9. Defendant's unlawful employment practices also included discharging Mr. Ball in retaliation for his complaints about and opposition to a racially hostile work environment. This harassment included, but was not limited to, inappropriate racial statements made to him or in his presence, his knowledge of racial slurs made about him, and the displaying of a noose with a black stuffed animal hanging from it in the office of the Acting Yard Manager. In approximately September, 2006, Mr. Ball complained about the racially hostile work environment in front of White supervisors. Mr. Ball complained to an offsite supervisor who was visiting the Minden facility. That same month, following a racial remark made by an employee in the dispatch office, Mr. Ball protested the racial harassment and racial comments in the presence of White

supervisory officials. A few days later, on or about September 27, 2006, as a result of Mr. Ball's complaints, the Yard Manager terminated Mr. Ball.

10. The reasons given by Defendant for separating Mr. Ball's employment were false and pretext for unlawful discrimination and retaliation. Plaintiff alleges, on information and belief, that Defendant replaced Mr. Ball with one or more White employees.

11. The effect of the unlawful employment practices complained of in paragraphs 7 though 10 above has been to deprive Mr. Ball of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his race and because of his opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

12. The unlawful employment practices complained of in paragraphs 7 through 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 7 through 10 above were done with malice or with reckless indifference to Mr. Ball's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race or retaliation in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, actions, and programs which provide equal employment opportunities for African Americans and for employees who oppose unlawful employment practices and which eradicate the effects of its past and present

unlawful employment practices. Such relief may include, but not be limited to, training of Defendant's employees regarding unlawful discrimination or retaliation; and disciplinary actions against employees who have committed unlawful discrimination or retaliation.

C. Order Defendant to make whole Mr. Ball by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to reinstate Mr. Ball or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant to make whole Mr. Ball by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 10 above, in amounts to be determined at trial.

F. Order Defendant to make whole Mr. Ball by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 10 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Mr. Ball punitive damages for its malicious and reckless conduct described in paragraphs 7 through 10 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems appropriate in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398


/s/ Tanya L. Goldman
**TANYA L. GOLDMAN (T.A.)**
Trial Attorney
No Bar Roll Number Assigned
**GREGORY T. JUGE**
Senior Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA  70112
Tel:    (504) 595-2878 (Main Legal)
         (504) 595-2914 (Goldman)
         (504) 595-2877 (Juge)
Fax:   (504) 595-2886

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808